CHARLES E. MUNSON

v.

DAVID M. CRAWFORD et al.

ASSESSMENTS AND TAXATION in school districts—of the situs of personal property—construction of the act of 1869. The first and second sections of the act of the 29th of March, 1869, entitled "An act relating to assessments and taxation in school districts," can not be construed so as, by implication, to repeal the provision in the fourth section of the act of the 12th of February, 1853, which requires that the personal property of "banks or bankers, brokers, stock-jobbers, insurance or other companies, merchants and manufacturers, shall be listed in the county, town or district where the business is usually done."

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the plaintiff in error.

Mr. J. E. McPHERRAN, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to enjoin the collection of a school tax levied on a stock of goods owned by the defendants in error, merchants, whose place of business is in district No. 3, in the township of Sterling. The individual members of the firm all reside in school district 8, in that township. It is not denied that the property is subject to taxation, but it is insisted that it was illegally assessed for school purposes in school district No. 3, where the property was situated, but should have been assessed in district No. 8, where the parties reside.

The question involved depends upon the construction that shall be given to the first and second sections of the act of the 29th of March, 1869, which are as follows:

186          MUNSON *v.* CRAWFORD *et al.*          [Sept. T.,

Opinion of the Court.

"SECTION 1. It shall be the duty of town assessors, when making assessments of personal property, to designate the number of the school district in which each person so assessed resides, which designation shall be made by writing the number of such district opposite each person's assessment of personal property, in a column provided for that purpose in the assessment roll returned by the assessor to the county clerk.

"SEC. 2. It shall be the duty of the county clerk to copy said numbers of school districts, as returned by the assessor, into the collector's book, and to extend the school tax on each person's assessment of personal property according to the rate designated by the directors of the school district in which said person resides."

It is urged that this act provides a new mode for the assessment of the property of merchants, and supersedes the act of the 12th of February, 1853. It is provided, in the fourth section of the latter act, that "personal property, moneys and credits, except such as is required to be listed otherwise, shall be listed in the county, town or district where the owner resides. The property of banks or bankers, brokers, stockjobbers, insurance or other companies, merchants and manufacturers, shall be listed in the county, town or district where the business is usually done."

It will be observed that the act of 1869 does not, by any express words, repeal the provisions of the act of 1853 in regard to the assessment of the personal property, and if it is repealed at all, it is by implication or the recasting of the law on the same subject.

The repealing of statutes by mere implication is not favored by the courts. When there are two statutes on the same subject, it is rather the duty of the court, if the same can be done without doing violence to the plain meaning of the words used, to so construe them that both may stand. There is no difficulty in so construing these statutes.

In view of the former legislation in regard to the duties of the county clerk, in extending upon the collector's book the school tax for the several districts required to be levied by the directors, the act of 1869 was, doubtless, intended to simplify and aid him in the performance of those duties. Under the provisions of the statute then in force, there was found to be great difficulty in extending the school tax for the various districts, for the reason that the residence of the parties liable for such tax could not be readily ascertained. By the first section, it is made the duty of the town assessor to designate the number of the district, on the assessment roll, in which each person so assessed resides, which would greatly facilitate the labor of the county clerk in extending the tax for school purposes, and would enable him to perform that duty with more accuracy than could otherwise be attained. This is believed to be the object the legislature had in view in the passage of the act of 1869. Manifestly, if it had been the intention to make any change in the place where personal property, belonging to incorporated companies or mercantile firms, should be listed, more apt words would have been used to express that intention.

Personal property usually follows the residence of the owner, and is there taxable. There are, however, exceptions to the general rule. It is not strictly true as to personal property owned by incorporated companies and mercantile firms by a common title, and not by distinct and separate interests. It is a matter of common observation, within the knowledge of every one, that the individuals composing such companies or firms do not, in every case, all reside where the property is situated, but are often widely separated. It would be impracticable to separate the property, and make a separate assessment, so that it would follow the residence of the owner, for the purposes of taxation, and, for obvious reasons, there never has been any provision of law for taxing the mere interest of one member of the firm in the common property of the company. In such cases, we entertain no doubt that it

is entirely competent for the legislature to fix the *situs* of personal property, belonging to incorporated companies and mercantile firms, for the purpose of taxation. This was done by the act of 1853, and it is not repealed by any fair construction that can be given to the act of 1869. The plain meaning of the act of 1869 is that it was intended to apply to assessments made on property belonging to individuals, which, as a general rule, follows the residence of the owner, and is there taxable, and not to property belonging to incorporated companies, banks, banking associations and mercantile firms, the *situs* of which had been previously fixed for the purposes of taxation by the several acts of the legislature. The act of 1867, which declares that the shares of stockholders in national banks shall be assessed in the district where such bank is located, and not elsewhere, whether such stockholders reside in such district or not, is in harmony with the act of 1853; and it would be a very singular construction to give to the act of 1869 to hold that, by mere implication, it repeals all previous statutes which fix the *situs* of personal property of banks, banking associations, insurance and other companies, merchants and manufacturers, for the purpose of taxation. We can not believe the legislature ever intended that the act of 1869 should have any such construction.

For the reasons given, we are of opinion that the decree of the circuit court was erroneous, and must be reversed and the bill dismissed.

*Decree reversed.*